# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE ) <br> 1899 L Street, N.W., 12th Floor ) <br> Washington, D.C. 20036 ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> UNITED STATES ENVIRONMENTAL ) <br> PROTECTION AGENCY ) <br> 1200 Pennsylvania Avenue, N.W. ) <br> Washington, DC 20460 ) <br> ) <br>     Defendant. ) | Civil Action No. 15-466 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant United States ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the Agency"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under two FOIA requests, both seeking email and text message correspondence relating to high-profile efforts by four congressional offices which became the subject of substantial national media attention.

2. Specifically, three United States Senate offices whose correspondence with EPA was the subject of one CEI FOIA request to EPA sent more than "100 letters to fossil fuel companies, trade groups and other organizations asking about their funding of climate

research and advocacy" viewed as possibly challenging those officials' positions and legislative priorities on the climate change issue, and which included plaintiff.[1]

3. Additionally, the United States congressional office whose correspondence with EPA was the subject of CEI's second request to EPA sent detailed information requests to universities employing researchers who had testified before Congress about climate change, also viewed as challenging the congressman's position and legislative priorities on the climate issue.[2]

4. EPA has failed to provide plaintiff the requisite indication the Agency is processing or intends to process plaintiff's requests, as required by FOIA and the decision in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013), which mandates that agencies must, within the statutory deadline of 20 working days, "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

## PARTIES

5. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

---

[1] John Schwartz, "Lawmakers Seek Information on Funding for Climate Change Critics," *New York Times*, February 25, 2015, http://www.nytimes.com/2015/02/26/science/lawmakers-seek-information-on-funding-for-climate-change-critics.html?_r=0.

[2] Ben Geman, "Democratic Congressman Draws Backlash Over Climate Funding Probe," National Journal, February 25, 2015, http://www.nationaljournal.com/energy/democratic-congressman-draws-backlash-over-climate-funding-probe-20150225.

6. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 139(e) because Plaintiff resides in the District of Columbia, and defendant EPA is a federal agency.

## FACTUAL BACKGROUND
**Plaintiff's FOIA Request for certain Agency records to or from three U.S. Senate offices and containing certain keywords**

9. On February 27, 2015, CEI requested copies of certain correspondence sent to or from four identified employees in EPA's Office of Congressional and Intergovernmental Affairs. The correspondence in question was exchanged with (*i.e.,* sent to or from) the offices of U.S. Senators Barbara Boxer, Ed Markey or Sheldon Whitehouse, and contains certain key-words specified by CEI's FOIA request (key-words related to those Senatorial offices' earlier letters to organizations such as CEI, described in paragraph 2, above).

10. Plaintiff made this request after receiving one of these letters.

11. EPA owed plaintiff a *CREW* response, and response to its request for fee waiver, on or before March 27, 2015.

12. EPA has provided no response to this request.

13. EPA has thus constructively denied the request for records, and has waived any ability to charge fees under 5 U.S.C. § 552(a)(4)(A)(viii), by failing to provide a substantive response to plaintiff's request within 20 days as required by 5 U.S.C. § 552(a)(6)(A)(i).

14. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. *See* S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with <u>any time limit</u>' of FOIA." (Emphasis added by *Bensman* Court).

15. Defendant EPA waived its ability to assess fees under 5 U.S.C. § 552(a)(6)(A)(viii) by missing the statutory deadline, rendering the question of fees moot.

### Plaintiff's FOIA Request EPA-HQ-2015-004689/004702

16. On March 2, 2015, CEI requested copies of certain correspondence sent to or from five identified employees in EPA's Office of Congressional and Intergovernmental Affairs sent to or from Rep. Raul Grijalva or his office, which also contain certain key-words relevant to Rep. Grijalva's above-described letters sent to various universities.

17. Plaintiff made this second request after these letters obtained widespread media coverage for requesting information on the basis that "My colleagues and I cannot perform our duties if research or testimony provided to us is influenced by undisclosed financial relationships," but solely targeting researchers whose testimony challenged the corresponding lawmaker's views and agenda.

18. EPA assigned this request identification number HQ-FOI-2015-004689. EPA granted plaintiff's fee waiver as a "non-billable" request. A "not billable" request is one that takes so little time that it requires no payment of fees, and the classification is essentially a claim that the request can be processed in the two hours of processing time that FOIA provides requesters without fee.

19. Six days later EPA assigned this same request a different identification number EPA-HQ-2015- 004702, again classifying it as "non-billable."

20. At this time, plaintiff responded to both notices, informing EPA it had assigned the same request two tracking numbers, suggesting that EPA "Please double-check this matter".

21. EPA did not respond to either notice.

22. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, regarding whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

23. Defendant EPA is improperly denying plaintiff access to public records in violation of FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

24. Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26. Plaintiff has sought and been denied a waiver of its fees through Defendant's failure to respond.

27. Plaintiff has a statutory right to the information it seeks and defendant has unlawfully withheld.

28. Plaintiff is not required to further pursue administrative remedies.

29. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff CEI is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but EPA failed to do provide them;

    b. EPA's response to plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy EPA's obligations under FOIA;

    c. EPA must now produce records responsive to CEI's requests, without fees.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

30. Plaintiff re-alleges paragraphs 1-29 as if fully set out herein.

31. Plaintiff is entitled to injunctive relief compelling EPA to produce responsive records, subject to legitimate withholdings, without assessing fees.

32. This Court should enter an injunction ordering EPA to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in CEI's FOIA requests described above, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
## Costs And Fees – Injunctive Relief

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of Defendant's refusal to fulfill the FOIA request at issue in this case.

36. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 1st day of April, 2015,

_____/s/ Hans Bader_____
Hans Bader
D.C. Bar No. 466545
hans.bader@cei.org
Sam Kazman
D.C. Bar No. 946376
sam.kazman@cei.org
1899 L Street NW, 12th Floor
Washington, DC 20036
(202) 331-1010
Christopher C. Horner
D.C. Bar No. 440107
CHornerLaw@aol.com
1489 Kinross Lane
Keswick, VA 22947
(202)  262-4458

ATTORNEYS FOR PLAINTIFF